Dear Mr. Woolridge:
This office is in receipt of your request for an opinion of the Attorney General in regard to the applicability of R.S.13:5112(C) to suits filed against the Louisiana Patient's Compensation Fund Oversight Board which you represent. R.S.13:5112, Suits against the state or political subdivisions; court costs; interest, provides in Paragraph (C) as follows:
 Legal interest on any claim for personal injury or wrongful death shall accrue at six percent per annum from the date service is requested following judicial demand until the judgment thereon is signed by the trial judge in accordance with Code of Civil Procedure Article 1911. Legal interest accruing subsequent to the signing of the judgment shall be at the rate fixed by Civil Code Article 2924.
As attorney for the Oversight Board you ask the following question:
 Whether La. R.S. 13:5112(C), which provides that legal interest on any claim for personal injury or wrongful death shall accrue at 6% per annum from the date services were requested following judicial demand until the judgment thereon is signed by the trial judge, is applicable to suits filed against the Oversight Board and/or the Patient's Compensation Fund?
We find Art 12, Sec. 10, La. Const. is pertinent wherein it provides as follows:
 (A) NO IMMUNITY IN CONTRACT AND TORT. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
 (B) WAIVER IN OTHER SUITS. The Legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
 (C) LIMITATIONS; PROCEDURE; JUDGMENTS. Notwithstanding Paragraph (A) or (B) or any other provision of this constitution, the legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages. It shall provide a procedure for suits against the state, a state agency, or a political subdivision and provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. The legislature may provide that such limitation, procedures, and effects of judgments shall be applicable to existing as well as future claims. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered.
Basic to this provision is the conclusion stated by the courts that a claimant's ability to enforce a judgment against the State is a matter within the legislature's control. Chamberlain v.State, through DOTD, 624 So.2d 874 (La. 1993); Baudoin v. AcadiaParish Police Jury, 702 So.2d 715 (La.App. 1997). In 1985 the legislature added Paragraph (C) to R.S. 13:5112 to limit prejudgment legal interest on judgments against the state, state agencies or political subdivisions to six percent. As in theChamberlain case, supra, Rick v. State, Dept. Transportation andDevelopment, 630 So.2d 1271 (La. 1994) declared this limitation unconstitutional. Thereafter, Art. 12, Sec 10(C), La. Cont., was amended authorizing the legislature to limit and provide for the extent of liability that could be imposed on the state, state agencies and political subdivisions. Therefore, while it was concluded in Lewis v. State, 685 So.2d 640 (La.App. 1996), that the cap on general damages and legal interest in R.S. 13:5112, did not apply to cases which were pending between the time these statutes were declared unconstitutional, it recognized the effective date of the amendment to Art 12, Sec 10(C). La. Const. was on November 23, 1995 as was reenactment of R.S. 13:5112 to provide for prejudgment legal interest at six percent.
The significant question herein is the status of the Louisiana Patient's Compensation Fund and Oversight Board. R.S. 13:5102
defines "state agency" to mean "any board, commission, department, agency, special district, authority, or other entity of the state", and this office has stated the function of the Board is to collect, administer, and protect the Patient's Compensation Fund, "a special fund in the State Treasury, comprised of voluntary collections from private health care providers electing to participate in the PCF." Atty. Gen. OP. No. 93-80. However, it was further noted in the latter opinion that R.S. 40:1299.44 provides, "The state recognizes and acknowledges that the fund and any income from it are not public monies, but rather private monies which shall be held in trust as a custodial fund by the state for the use, benefit, and protection of medical malpractice claimants and the fund's private health care provider members." Under R.S. 40:1299.44 in Paragraph (D) (2) (a) it is provided, "The board shall be responsible, and have full authority under law, for the management, administration, operation and defense of the fund in accordance with the provisions of this Part." Moreover, the fund is a creature of the legislature as a special fund in the state treasury, and the Board falls under the Executive Branch of State Government, R.S.36:4(Z).
Inasmuch as we have been unable to find any jurisprudence pertinent to this inquiry, it would appear to definitively settle the issue would require statutory amendment similar to that in R.S. 40:1299.39.1, State Medical Review Panel, wherein it is provided in paragraph (K) that "Legal interest on a judgment rendered by a court in a suit for medical malpractice brought after compliance with this Part will accrue as determined by R.S.13:5112(C)." This provision falls under Part XXI-A, Malpractice Liability for State Services.
However, without such an amendment we must conclude at this time that R.S. 13:5112(C) is not applicable to suits filed against the Oversight Board in regard to the Patients Compensation Fund. While the Board is a state entity that manages the fund, the fund is not from public monies. We note that Act 509 of 1985 states the Act was "to amend and reenact R.S. 13:5112 and 5117, relativeto suits against the state and political subdivisions, to provide for interest on judgments in suits for personal injury or wrongful death, to provide limitations, and otherwise to provide with respect thereto." At the same time we find Act 452 of 1985 which was "to amend and reenact R.S. 13:5106 and 5109(A) relativeto suits against the sate and its political subdivisions, toprovide with respect to limitations of liability and the recovery of medical care and related benefits and the recovery of loss of earnings and loss of support, to provide legislative findings and purposes, and to provide for related matters." Paragraph E of Act 452 stated that the Legislature finds "that judgments against public entities have exceeded ability to pay on current basis", "that the public fisc is threatened" and the limitations are "needed to curb the trend of governmental liability abuses * * * * and to avoid over-burdening Louisiana's economy and its taxpaying citizens".
Inasmuch as the need to curb governmental liability has no application to the Patients Compensation Fund which is not public funds, it would seem there would have been no intent by the legislature to provide the limitations of R.S. 13:5112 to the Fund.
However, more significant to our conclusion that to extend R.S.13:5112 to the Board would require statutory amendment isRodriguez v. La. Medical Mut. Ins., 618 So.2d 390 (La. 1993), wherein the Oversight Board contended that R.S. 13:4581 which exempts state boards and commissions from having to furnish an appeal bond ex-tended to them as a State board or commission and the Fund. The Supreme Court held the Fund is not exempt from posting a bond for suspensive appeal, finding in absence of express provisions to the contrary the Board and Fund are bound by the generally prevailing rules regarding appeals and security under C.C.P. Art. 2124. We especially find the concurring opinion of Justice Kimball pertinent in stating as follows:
 The intent of La. Rev. Stat. 13:4581 is to relieve those boards and commissions which are backed by the State's resources from the requirement of posting appeal bonds. In the instant case, the Patient's Compensation Fund and its Oversight Board are not backed by the resources of the State, but rather are wholly privately funded and susceptible of insolvency. Therefore, the Patient's Compensation Fund and its Oversight Board are not "State . . . boards or commissioners exercising public power and functions" within the contemplation of Sec. 4581.
We would reach a similar conclusion in the instant matter, and find the provisions of R.S. 13:5112 do not apply to the Oversight Board of the Patient's Compensation Fund.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR